IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMEELA PARKER<br><br>Plaintiff,<br><br>v.<br><br>HOMESITE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.:  1:21-cv-02906-JRR |

**OPINION AND ORDER**

The court has before it Defendant's Motion to Enforce Settlement Agreement (ECF No. 34; the "Motion"), Plaintiff's opposition (ECF No. 38) and Defendant's Reply (ECF No. 43). Yesterday, December 6, 2023, the court held an evidentiary hearing on the Motion in view of the fact that Parker's opposition raises disputes of fact as to whether her counsel of record had authority to enter the agreement Defendant contends the parties reached in settlement of this action. *Hensley v. Alcon Labs.,* 277 F.3d 535, 541 (4th Cir. 2001) (holding that an evidentiary hearing on a motion to enforce settlement agreement is required where disputes of fact are raised as to, *inter alia,* "authority of the attorney to enter into the agreement").  At the hearing, Parker testified and offered email correspondence as Plaintiff's Exhibit 1; Defendant made argument through counsel and offered in evidence the e-mail correspondence attached to the Motion.  No witness other than Parker was called to testify and Defendant did not seek to cross-examine Parker, but defense counsel offered legal and evidence-based argument in opposition to the substance of Parker's presentation.  Neither party objected to any documentary evidence or testimony offered.  The court has considered all evidence, arguments, and the parties' written submissions.

By way of background, Plaintiff originally filed her complaint in the Circuit Court for Baltimore County, which Defendant removed to this court on November 12, 2021. Later, on June 14, 2023, Defendant filed a timely motion for summary judgment. (ECF Nos. 21 and 22.) In May and June 2023, Plaintiff's counsel and defense counsel engaged in settlement discussions by phone and email (hearing Defense Exhibit 1), culminating in e-mail correspondence confirming that Plaintiff's counsel obtained Parker's authority to settle the case for $10,000.00, which Defendant accepted, and based on which Defendant withdrew its pending motion for summary judgment on June 23, 2023. Thereafter, things fells apart, which is to say that Parker failed/refused to execute the necessary documents to memorialize the settlement agreement and secure issuance of the related $10,000 settlement sum. Plaintiff's counsel of record then withdrew from the case (ECF Nos. 31, 35), leaving Plaintiff self-represented and Defendant with a case it thought had been settlement, but which remained open. The instant Motion was then filed on September 30, 2023.

A motion to enforce a settlement agreement "draws on standard contract principles . . . [and] district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." "[T]o exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions. If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily.* Instead, when such factual disputes arise, the court must 'conduct a plenary evidentiary hearing in order to resolve that dispute,' and make findings on the issues in dispute. If a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." *Hensley v. Alcon Labs.,* 277 F.3d 535, 540-42 (4th Cir. 2001) (internal

citations omitted) (emphasis in original); *see also Davis v. Wash. Metro. Area Transit Auth.*, Case No. TJS 23-1171, 2023 WL 7410855, *3-*5 (D. Md. Nov. 8, 2023) (citing and relying on *Hensley* and noting that public policy favors enforcement of settlement agreements).

At yesterday's hearing, Parker testified that she authorized her attorney of record to offer to settle her case with an initial demand of $25,000.00. Parker concedes (and the email evidence she offered confirms) that her attorney told her the case was not likely to settle for that amount, but a settlement demand of $25,000.00 would generate a counteroffer and hopefully lead to a settlement. Parker does not contest that her attorney told defense counsel that he (defense counsel) obtained Parker's authority to settle for $10,000.00; and she does not contest in substance that Defendant agreed to pay that amount and withdrew its Rule 56 motion as a result. What Parker challenges and refutes is that attorney Daniel Ballard communicated with her after making the initial $25,000.00 demand; to the contrary, Parker clearly and cogently testified that she would never have agreed, and did not agree, to accept $10,000.00 to settle her claims; and that her attorney failed to communicate with her about, or to convey, any counteroffer of Defendant following Parker's authorization to demand $25,000.00 to settle her claims. In response, Defendant argues that the parties' "complete agreement" as required by *Hensley* and *Davis, supra*, is established by the unrefuted evidence, and whether Parker's attorney exceeded the scope of his authority is between Parker and her former lawyer.

The court disagrees with Defendant that if the court finds that the evidence supports finding that a "complete" settlement agreement was reached, but also finds that the attorney for one of the parties to the supposed agreement lacked authority to enter it on her behalf (and instead acted outside the scope of his authority), the court should nonetheless enforce the agreement and leave the injured party to take the matter up with her attorney privately (or at least not here). An attorney

is, of course, an agent for his principal, the client. Absent Plaintiff's authority to settle this case for $10,000.00, counsel was not empowered to enlarge the scope of his authority by his representations to third parties. *Homa v. Friendly Mobile Manor*, 93 Md. App. 337 (1992); *Fox Grocery Co. v. Mineral Labs, Inc.,* 960 F.2d 146 (4th Cir. 1992).

The court agrees with Defendant that, by all appearance, it struck a deal to settle this case for $10,000.00. And if the matters before the court ended there, the court would grant the Motion. However, having observed Plaintiff's demeanor in court, having evaluated the content and consistency of her testimony and filings, and having evaluated her credibility *in toto*, the court is persuaded that Plaintiff's counsel did not have authority to settle this case for $10,000.00.

Therefore, the Motion to Enforce Settlement Agreement is **DENIED**. The Motion for Summary Judgment and Supplement to same at ECF Nos. 21 and 22 are **REINSTATED**. **Plaintiff shall have fourteen (14) days from the entry date of this order to respond to the Motion for Summary Judgment and Supplement**. **Further, by separate order, the court will refer this action and direct the parties to a settlement conference with a United States Magistrate Judge. Madam Clerk shall transmit a copy of this Opinion and Order to Plaintiff Parker.**

December 7, 2023

  /S/  
Julie R. Rubin  
United States District Judge